IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NELCIA COLLINS,<br><br>    Plaintiff,<br><br>v.<br><br>CHUCK HAGEL, as Secretary of Defense, and MARILEE FITZGERALD, as Director of Department of Defense Education Activity (DODEA),<br><br>    Defendants. | 1:13-cv-2051-WSD |

## OPINION AND ORDER

This matter is before the Court on its review of Plaintiff Nelcia Collins's ("Plaintiff" or "Collins") Complaint [1].

### I. BACKGROUND

On August 17, 2010, Plaintiff began her employment with the Department of Defense Education Activity ("DoDEA") as a special education assessor in Okinawa, Japan. (Compl. ¶ 7). Plaintiff claims that "she felt as though she was singled out and treated different from peers who worked in a similar capacity," and that she "was subject to harassment and intimidation throughout the course of her employment." (Id.).

On May 7 and 11, 2011, Plaintiff "report[ed] her treatment to Diversity Management & Equal Opportunity . . . within the DoDEA." (Id. ¶ 8).

On May 25, 2011, Plaintiff received from Stan Hays, the principal of the school where Plaintiff worked and her immediate supervisor, a termination letter that "points out problems with Plaintiff's work performance, conduct and 'general character traits,' and states that based upon [Hays'] review, he concluded that her performance warranted her termination." (Id.). Plaintiff asserts that she "was not provided any performance evaluations throughout the year to substantiate and/or validate Hays' assessment." (Id. ¶ 8).

On June 19, 2013, Plaintiff, represented by counsel, filed her Complaint, alleging that Defendants discriminated against her because of her race (African American), gender (female), and national origin (West Indies), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. In Paragraph Five of her Complaint, Plaintiff asserts that "[a]ll actions/inaction by Defendants, as alleged, occurred by officers/employees of the United States. As such, Plaintiff contends that venue in this district is proper for the Defendant [sic] pursuant to 28 U.S.C. § 1391(e). (Compl. ¶ 5).

On September 34, 2013, Defendants filed their Answer [3]. Defendants assert that Plaintiff has not alleged a proper basis for venue in this district, and

"[w]ith respect to the allegations in paragraph 5 of the Complaint, Defendants admit that the named defendants are employees of the United States. Defendants deny that venue is determined by 28 U.S.C. [§] 1391(e) but rather by the specific venue provisions of Title VII of the Civil Rights Act. Defendants deny any remaining allegations in paragraph 5." (Ans. at 2-3).

## II. DISCUSSION

A district court may raise the issue of defective venue *sua sponte*. See, e.g., Kapordelis v. Danzig, 387 F. App'x 905, 906-907 (11th Cir. 2010) (affirming *sua sponte* transfer, pursuant to 28 U.S.C. § 1406(a), of *pro se* prisoner's Bivens action from New York to Georgia), cert. denied, 131 S.Ct. 1481 (2011); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001); cf. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988); Nalls v. Coleman Low Fed. Inst., 440 F. App'x 704, 706 (11th Cir. 2011). When venue is improper, under 28 U.S.C. § 1406, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

In a civil action against an employee of the United States acting in his official capacity, whether venue is proper is determined under 28 U.S.C. § 1391(e),

"except as otherwise provided by law." 28 U.S.C. § 1391(e)(1).[1] Here, Plaintiff's claims arise under Title VII, which contains its own venue provision in 42 U.S.C. § 2000e-5(f)(3).[2] "The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and that the more general provisions of § 1391 are not controlling in such cases." Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) (citing Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102-1103 (D.C. Cir. 1969)).

---

[1] Section 1391(e)(1) provides:
A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, *except as otherwise provided by law*, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.
28 U.S.C. § 1391(e)(1) (emphasis added).

[2] To the extent Plaintiff also claims that she is entitled to punitive damages under 42 U.S.C. § 1981, in an action asserting both Title VII and Section 1981 claims, Title VII is considered the principal cause of action and the more narrow Title VII venue requirements apply. See Hayes v. RCA Serv. Co., 546 F. Supp. 661, 664-665 (D.D.C. 1982); Pinson v. Rumsfeld, 192 F. App'x 811, 817 (11th Cir. 2006) ("[B]ecause Title VII claims are governed by § 2000e-5(f)(3), and these venue provisions set forth the exclusive venues for Title VII claims, the proper venue for Pinson's other claims is irrelevant to this inquiry.").

42 U.S.C. § 2000e-5(f)(3) provides, in relevant part, that the appropriate venue for a Title VII claim is:

> [(1)] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [(2)] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [(3)] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but [(4)] if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3). "If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper." Buesgens v. Coates, 435 F. Supp. 2d 1, 3 (D.D.C. 2006).

Here, Plaintiff does not allege any facts to support that venue is proper in the Northern District of Georgia. Plaintiff worked at Kadena Elementary School in Okinawa, Japan. (Compl. ¶ 7). The claimed Title VII violations—that Plaintiff was treated differently from her peers, and ultimately terminated, based on her race, gender and national origin—occurred in Okinawa, Japan, and Plaintiff would have continued to work in Okinawa, Japan, if the alleged discrimination had not occurred. Because this action cannot be filed in Japan, venue cannot be based on the first or third criteria listed in Section 2000e-5(f)(3).

Plaintiff does not allege that her employment records relevant to her termination are located in the Northern District of Georgia. Rather, assuming they are not located in Japan, it appears that Plaintiff's employment records are maintained by the DoDEA Human Resources Directorate, which is responsible for "overseeing recruitment and staffing, educator certification and recertification, classification and compensation, human capital record keeping, labor management relations, and data integrity" for DoDEA.[3] The DoDEA Human Resources Directorate is located in Alexandria, Virginia. Finally, the principal office of Defendant Marilee Fitzgerald, the Director of DoDEA, is in Alexandria, Virginia,[4] and the principal office of Defendant Chuck Hagel, the Secretary of Defense, is located at the Pentagon in Arlington, Virginia.[5] Both Alexandria and Arlington, Virginia, are located within the Eastern District of Virginia. Thus, under the second and fourth criteria listed in Section 2000e-5(f)(3), venue in this action is proper in the United States District Court for the Eastern District of Virginia, not

---

[3] See http://www.dodea.edu/Offices/HR/index.cfm.

[4] See http://www.dodea.edu/aboutDoDEA/index.cfm (DoDEA "is headed by a director who oversees all agency functions from DoDEA headquarters in Alexandria, Virginia.").

[5] See http://www.defense.gov/About-DoD; see also Jones v. Hagel, 956 F. Supp. 2d 284, 288 n.3 (D.D.C. 2013) (in determining proper venue in Title VII case, stating that the Department of Defense's "principal office (the Pentagon) is located in Arlington, Virginia, for venue purposes despite its Washington, D.C., mailing address, which means that venue under the fourth statutory basis is proper in the Eastern District of Virginia, not D.C.").

the Northern District of Georgia. See 42 U.S.C. § 2000e-5(f)(3); see also Lorenzo v. Rumsfeld, No. CV05-00035, 2006 WL 1687772, at *2 (D. Guam June 13, 2006) (in Title VII action alleging DoDEA discriminated against plaintiff by denying him a teaching position in Okinawa, Japan, venue in District of Guam was improper because alleged discrimination took place in Okinawa, plaintiff would have continued to work in Okinawa but for alleged discrimination, and relevant employment records, and Secretary of Defense's principal office, were located within the Eastern District of Virginia; transferring action to Eastern District of Virginia); Dawson v. Rumsfeld, No. 8:04-cv-1251, 2005 WL 2850231 (M.D. Fla. Oct. 31, 2005) (in Title VII action, venue was improper in Middle District of Florida because alleged discrimination occurred during employment with DoDEA in Germany, employment records were maintained at DoDEA headquarters in Arlington, Virginia, and plaintiff did not allege discrimination occurred in, or that but for discrimination, she would have worked in, the Middle District of Florida; transferring action to Eastern District of Virginia).

     Plaintiff fails to show that venue in the Northern District of Georgia is proper under any of the criteria to establish venue in a Title VII action. Under 28 U.S.C. § 1406, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."

28 U.S.C. § 1406(a). In applying Section 1406(a), "the decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion." Pinson, 192 F. App'x at 817 (quoting Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 985 (11th Cir. 1982)).[6]

Here, the Court concludes that the interest of justice supports that this action be transferred, including because Plaintiff's claims likely would be time-barred if this action were dismissed for improper venue. See 42 U.S.C. § 2000e-5(f)(1) (Title VII action must be brought within 90 days of receipt from EEOC of right-to-sue letter); Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992) (where complaint is timely filed and later dismissed, timely filing of complaint does not toll the 90-day limitations period); Minnette v. Time Warner,

---

[6] Having found that venue is improper in the Northern District of Georgia, the Court considers whether transfer is appropriate under Section 1406(a), rather than 28 U.S.C. § 1404(a). Section 1404(a) applies when venue is proper, but the action may be transferred "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); see also Dubin v. United States, 380 F.2d 813, 816 (5th Cir. 1967) ("In substance, § 1404 is the statutory enactment of the doctrine of forum *non conveniens* tempered to allow transfer rather than dismissal. By contrast, § 1406 operates in cases where the first forum chosen is improper in the sense that the litigation may not proceed there."); Thornton v. Toyota Motor Sales, U.S.A., Inc., 397 F. Supp. 476, 477 (N.D. Ga. 1975) ("Since venue is improper in this court, transfer under 28 U.S.C. § 1404(a) is foreclosed. . . . Therefore, the question now becomes whether the case should be dismissed or transferred under 28 U.S.C. § 1406(a).").

997 F.2d 1023, 1026-1027 (2d Cir. 1993) (in Title VII action, district court abused its discretion in dismissing action for improper venue; under Section 1406(a), transfer was in the interest of justice where the 90-day limitation period for Title VII claims had expired); see also Pinson, 192 F. App'x at 817 (observing that the Eleventh Circuit "has found such transfers [under Section 1406(a)] required only in the limited situation when a party was directed by a government official to file in the incorrect court and the case was time-barred by the time it was dismissed") (citing ITT Base Servs. v. Hickson, 155 F.3d 1272, 1276 (11th Cir. 1998); Slatick v. Director, OWCP, U.S. Dep't of Labor, 698 F.2d 433, 434 (11th Cir. 1983)). Because this action could, and should, have been brought in the United States District Court for the Eastern District of Virginia, the Court, in the interest of justice, transfers this action to the Eastern District of Virginia. See 28 U.S.C. § 1406(a); 42 U.S.C. § 2000e-5(f)(3).

### III. CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Eastern District of Virginia.

**SO ORDERED** this 28th day of September, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE